IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

                Respondent,

     v.

AHMAD REZA HEKMAT,

                Appellant.

No. 81089-8-I
consolidated with
No. 81120-7-I

UNPUBLISHED OPINION

PER CURIAM — A trial court imposed a drug offender sentencing alternative (DOSA) following Ahmad Hekmat's convictions for third degree assault and second degree organized retail theft. Hekmat was not compliant with the terms of the DOSA. The trial court ultimately revoked the DOSA and imposed a standard range sentence of 20 months in custody and 12 months of community custody.

Prior to the revocation hearing, the Department of Corrections (DOC) provided the trial court with a letter calculating Hekmat's preconviction jail credit. According to DOC, "[w]ith the credits listed above[,] Mr. Hekmat would have more than enough credits to zero out [his] sentence. The Department would be

obligated to process [his] sentence as a 'paper commitment' for Mr. Hekmat at the time of revocation."[1]

Based on that information, Hekmat argued he should not be remanded into DOC custody following the revocation hearing. The State argued for remand in order for Hekmat to be classified by DOC for the purposes of the community custody he had left to serve. The court agreed, stating, "Given the nature of the violation, I am not going to grant the paper commitment and will remand Mr. Hekmat into custody."[2] Hekmat appealed, contending that the trial court lacked authority to remand him into custody because he had already earned sentencing credit well in excess of the maximum standard range sentence the trial court was authorized to impose.

Though the record is silent as to what happened after the hearing, both Hekmat and the State acknowledge that DOC has released Hekmat from custody and that the issue is now moot.[3] This court may address a moot issue if it involves "matters of continuing and substantial public interest," which we determine by examining (1) the public or private nature of the question

---

[1] Clerk's Papers at 208.

[2] Report of Proceedings (Jan. 31, 2020) at 12-13.

[3] See State v. Gentry, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995) ("A case is moot if a court can no longer provide effective relief").

presented, (2) the need for a judicial determination for future guidance of public officers, and (3) the likelihood of future recurrences of the issue.[4] Because Hekmat does not establish that this set of facts is likely to recur, we dismiss the appeal as moot.

FOR THE COURT:

_Mann, C.J._

_Verellen J._

_Smith, J._

---

[4] Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).